IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD FLOWERS

    Plaintiff,

vs.                                                      No. Civ 09-569 JAP/DJS

LEA POWER PARTNERS, LLC, a Delaware
Corporation, COLORADO ENERGY
MANAGEMENT, LLC, a Colorado Corporation,
and GENOVA POWER SOLUTIONS, LLC, a
Delaware Corporation.

    Defendants

and

LEA POWER PARTNERS, LLC, a Delaware
Corporation, and COLORADO ENERGY
MANAGEMENT, LLC, a Colorado Corporation.

    Third-Party Plaintiffs,

vs.

AFCO STEEL, LLC, a Delaware Corporation,

    Third-Party Defendant.

**<u>Memorandum Opinion and Order</u>**

        On September 10, 2010, Defendant Genova Power Solutions, LLC filed a Motion For Summary Judgment (Doc. No. 109) and a Memorandum in Support of its Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56(b) (Doc. No. 110) (collectively Motion For Summary Judgment). Flowers did not file a response and is deemed to have consented to Genova's Motion For Summary Judgment. *See* D.N.M. LR-Civ. 7.4(a). Having considered the arguments

1

raised in Genova's Motion For Summary Judgment, the Court concludes that Genova's Motion For Summary Judgment should also be granted on its merits and that Flowers' Complaint against Genova should be dismissed.

## BACKGROUND

On May 8, 2008, Plaintiff Gerald Flowers, a pipefitter employed by Turnaround Welding Services, LLC (TWS), fell approximately twenty-five feet while descending a fixed ladder at a power plant under construction in Hobbs, New Mexico. Flowers suffered injuries as a result of his fall and, on June 9, 2009, filed a Complaint (Doc. No. 1) against Colorado Energy Management, LLC and Lea Power Partners, LLC (collectively CEM), the owners and operators of the power plant, as well as Genova Power Solutions, LLC, the developer of the plant site. In his Complaint, Flowers asserted strict liability and negligence claims alleging that CEM and Genova negligently designed, developed, and manufactured the ladder from which Flowers fell and that CEM and Genova negligently managed and supervised the construction of the plant.

In its Motion for Summary Judgment, Genova argues that it is entitled to summary judgment because while Flowers' Complaint alleges negligence and strict liability stemming from the design, development, and manufacture of the ladder and negligence stemming from the management, supervision, and implementation of safety procedures during construction of the plant, Genova did not participate in the design, development, manufacture, placement, or supervision of the ladder and was not involved in the construction of the plant. Specifically, Genova asserts that its "only responsibilities in connection with the power plant were limited to pre-construction activities including: site acquisition; preconstruction regulatory permitting and approval; securing required easements for gas pipelines; assisting in securing rights to water supplies and related water rights transfer, surveys, and easements; and obtaining development

incentives from the county government and related tax abatement." Motion For Summary Judgment at 3.

## DISCUSSION

Summary judgment is appropriate if the Court finds that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, the Court examines "the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005) (citation omitted). "Summary judgment is appropriate if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof." *Id.* (citation omitted). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citation omitted). Where there are no disputed facts, the Court determines only whether judgment is appropriate as a matter of law. *See id.*

Here, there are no material facts in dispute. In accordance with the local rules of the District of New Mexico, Genova enumerated the undisputed material facts relevant to its Motion For Summary Judgment and attached affidavits of two employees that supported each enumerated fact. *See* D.N.M. LR-Civ. 56.1(b). Flowers was required to file a memorandum in opposition to the motion that specifically controverted each fact set out in Genova's Motion For Summary Judgment that Flowers disputed. *See id.* Flowers' response to Genova's Motion for Summary Judgment was due "within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.4(a). Flowers did not file a response to Genova's Motion For Summary Judgment. Thus, under the local rules of the District of New Mexico, Flowers has consented to

Genova's Motion and all of the material facts set forth in Genova's Motion For Summary Judgment are deemed admitted. D.N.M. LR-Civ. 7.1(b) (providing that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion"); D.N.M. LR-Civ. 56.1(b) (providing that "all material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted"). Despite Flowers' deemed consent, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against a party." *Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002). While a party's failure to comply with a local rule can constitute a waiver of the right to respond or controvert facts asserted in a summary judgment motion, the Court still must determine whether the uncontroverted facts entitle the moving party to a judgment as a matter of law. *See id.* The Court therefore addresses whether, under the undisputed facts asserted in Genova's Motion, Genova is entitled to judgment as a matter of law.

According to the undisputed facts, Genova was responsible for a number of duties related to the acquisition, permitting, and development of the site on which the power plant was built. Specifically, Genova was responsible for obtaining the land on which the plant was built, obtaining permits for the operation of a power plant on the site, acquiring water rights for the project, obtaining easements and agreements to supply natural gas for the project, obtaining tax incentives for the project, assisting with financial matters regarding the project, and connecting the power plant to the electrical grid. Genova played no role in the design, manufacture, placement, or construction of the ladder from which Flowers fell and Genova did not participate in the supervision, management, or implementation of safety procedures during the construction of the power plant. Genova argues that because it was not involved with the construction of the

power plant or the design of the ladder it is entitled to summary judgment on Flowers' strict products liability claim and Flowers' negligence claim.

### A. Strict Products Liability

Under New Mexico law, "[a]ll parties in the chain of distribution of a defective product are strictly liable" for any injury caused by the product. *Smith v. Bryco Arms*, 2001-NMCA-090, ¶ 10, 131 N.M. 87, 33 P.3d 638. Because "[t]he purpose behind the strict products liability doctrine is to allow an injured user or consumer to recover against a supplier or manufacturer without the requirement of proving negligence," it is essential that a products liability action be brought against a party within the chain of distribution of an allegedly defective product. *See id.* ¶ 12 (quotation marks omitted). Here, it is undisputed that Genova is not within the chain of distribution of the allegedly defective ladder. Genova's responsibilities with respect to the power plant were limited to pre-construction activities and Genova played no role in the design, manufacture, or installation of the ladder. Because Genova was not within the chain of distribution of the ladder, summary judgment is appropriate with respect to Flowers' strict products liability claim against Genova.

### B. Negligence

In addition to his strict products liability claim, Flowers also asserted a negligence claim against Genova. In its Motion For Summary Judgment, Genova argues that it can not be held liable under a theory of negligence because none of Genova's pre-construction activities gave rise to a duty to Flowers and because none of Genova's actions were the direct or proximate cause of Flowers injuries. Under New Mexico law, "a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the

plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181.  "Whether a duty exists is a question of law for the courts to decide." *Johnstone v. City of Albuqueque,* 2006-NMCA-119, ¶ 6, 140 N.M. 596, 145 P.3d 76.  In order to show that a defendant owes a duty to a plaintiff, a plaintiff must show that "a relationship existed by which defendant was legally obliged to protect the interest of [the] plaintiff." *Id.*  "Absent such a relationship, there exists no general duty to protect others from harm." *Id.* ¶ 7. The existence of a duty also depends on whether an injury to the plaintiff was foreseeable. *See Calkins v. Cox Estates*, 110 N.M. 59, 62, 792 P.2d 36, 39 (1990). This element of duty "focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *Herrera*, 2003-NMSC-018, ¶ 8 (quoting *McCain* v. *Fla. Power Corp.,* 593 So.2d 500, 502 (Fla.1992)). "[A] plaintiff must demonstrate that the defendant's act created a foreseeable zone of danger of such a magnitude that the defendant owes a duty to the plaintiff to refrain from engaging in the act." *Id.* ¶ 19.

  Flowers contends that Genova "had a duty to use due care in the reasonable and proper design, development, testing, inspection, manufacture, labeling, and warning" of the ladder as well as a number of duties regarding safety procedures at the power plant.  Complaint at 6. Notably, all of the duties that Flowers alleges Genova owed stem from conduct related to the construction and supervision of the power plant or the design and manufacture of the ladder. Genova, however, did not take any action with respect to the design, manufacture, and installation of the ladder, the construction of the power plant, or the safety procedures implemented at the plant. Because Genova was not involved in any of the activities that Flowers alleges caused his injuries, Genova's actions cannot be said to have given rise to a duty to protect Flowers from harm as Flowers has failed to identify any act that Genova engaged in that

"created a foreseeable zone of danger of such a magnitude that the [Genova] owes a duty to [Flowers] to refrain from engaging in the act." *See Herrera*, 2003-NMSC-018, ¶ 8. Because Genova was not responsible for any of the allegedly negligent conduct that Flowers claims gives rise to a duty, the Court concludes that summary judgment is appropriate with respect to Flowers' negligence claim against Genova.

IT IS ORDERED that Defendant Genova Power Solutions, LLC's Motion for Summary Judgment is GRANTED and the claims asserted against Genova in Flowers' Complaint (Doc. No. 1) will be DISMISSED.

_____
SENIOR UNITED STATES DISTRICT JUDGE