IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD FLOWERS

    Plaintiff,

vs.                                                                                          No. Civ 09-569 JAP/DJS

LEA POWER PARTNERS, LLC, a Delaware
Corporation, COLORADO ENERGY
MANAGEMENT, LLC, a Colorado Corporation,
J.A. FREE, JR. & COMPANY, AFCO STEEL, LLC,
GENERAL IRON & STEEL INC.,
BURNS & ROE ENTERPRISES, INC., MMR
CONSTRUCTORS, INC., and L.P.R. CONSTRUCTION
CO.,

    Defendants

and

LEA POWER PARTNERS, LLC, a Delaware
Corporation, and COLORADO ENERGY
MANAGEMENT, LLC, a Colorado Corporation.

    Third-Party Plaintiffs,

vs.

AFCO STEEL, LLC, a Delaware Corporation,

    Third-Party Defendant.

## Memorandum Opinion and Order

On March 16, 2011 Defendant MMR Constructors Inc. (MMR) filed a Motion to Dismiss (Doc. No. 158). In its Motion to Dismiss, MMR argued that Plaintiff Gerald Flowers had failed to state a claim for which relief could be granted in Flowers' First Amended Complaint (Doc. No. 142). Rather than file a response, Flowers filed a Motion for Leave to File Amended Complaint (Motion to File Amended Complaint) (Doc. No. 163).  In his Motion to File

Amended Complaint, Flowers noted that the purpose of filing an amended complaint was to remedy the alleged deficiencies in the First Amended Complaint that MMR had identified in its Motion to Dismiss. The Court granted Flowers' Motion to File Amended Complaint and, on March 31, 2011, Flowers filed a Second Amended Complaint (Doc. No. 165). On April 18, 2011, MMR filed its Answer (Doc. No. 173) to Flowers' Second Amended Complaint. While MMR did not file a motion to dismiss Flowers' Second Amended Complaint, MMR did not withdraw its pending Motion to Dismiss Flowers' First Amended Complaint.

As a general rule, "a pleading that has been amended under Rule 15(a) supersedes the pleading it modified and remains in effect throughout the action unless it is subsequently modified." *Gilles v. United States*, 906 F.2d 1386 (10th Cir. 1990) (quotation marks omitted). Because Flowers' Second Amended Complaint superseded Flowers' First Amended Complaint, and because MMR's Motion to Dismiss only sought to dismiss Flowers' First Amended Complaint, MMR's Motion to Dismiss is moot. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383 (10th Cir. 1997) (noting that a plaintiff's filing of an amended complaint "rendered [the defendant's] 12(c) motion moot"); *Hammond v. Lowe's Home Centers, Inc.*, 316 F.Supp.2d. 975, 980 (D.Kan. 2004) (noting that filing of an amended complaint rendered a defendant's motion for summary judgment as to the original complaint moot). Thus, the Court will deny MMR's Motion to Dismiss as moot.

**IT IS ORDERED THAT** Defendant MMR Constructors, Inc.'s Motion to Dismiss (Doc. No. 158) is DENIED as moot.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE